# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOU BRODER AND | : | |
| PAULA BRODER, h/w | : | |
| | : | CIVIL ACTION NO. |
| | : | |
| *Plaintiffs,* | : | |
| v. | : | |
| | : | |
| | : | |
| UNITED STATES POSTAL SERVICE | : | |
| | : | |
| *Defendant.* | : | **ARBITRATION CASE** |

## CIVIL ACTION COMPLAINT

**I.   PARTIES**

1.   Plaintiffs, Lou Broder and Paula Broder, h/w, are adult individuals and citizens of the Commonwealth of Pennsylvania, residing therein at 77 Banbury Court, Holland, Pennsylvania 18966.

2.   Defendant, United States Postal Service, was and is now an agency of the executive branch of the United States federal government, with headquarters located at 475 L'Enfant Plaza SW, Washington, DC 20260.

**II.   JURISDICTION AND VENUE**

3.   Jurisdiction is conferred upon this Court by virtue of 39 U.S.C. § 409.

4.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the within claims occurred within the District.

**III.   STATEMENT OF CLAIMS**

5.   At all times relevant hereto, Defendant, United States Postal Service, acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

1

6. At all times material herein, Defendant, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, owned, operated, controlled, leased, inspected, possessed, managed and/or maintained the premises located at 1050 Street Road, Southampton, Pennsylvania 18966.

7. On or about December 24, 2018, and for a long time prior thereto, it was the duty of the United States Postal Service, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the aforesaid premises located at 1050 Street Road, Southampton, Pennsylvania 18966 in a reasonably safe condition for persons lawfully upon the premises, such as Plaintiff, Lou Broder.

8. On or about December 24, 2018, Plaintiff Lou Broder was an invitee at the Defendant's aforesaid premises located at 1050 Street Road, Southampton, Pennsylvania 18966.

## COUNT I
## LOU BRODER v. UNITED STATES POSTAL SERVICE
## NEGLIGENCE – PREMISES LIABILITY

9. Plaintiff hereby incorporates by reference paragraphs one (1) through eight (8) of the within Complaint as though the same were fully set forth at length herein.

10. On or about December 24, 2018, Plaintiff, Lou Broder, was lawfully on the aforesaid premises located at 1050 Street Road, Southampton, Pennsylvania 18966. Plaintiff was walking from his P.O. Box to the vendor window to purchase stamps when, suddenly and without warning, and as a direct result of a defective and/or dangerous condition of the premises, Plaintiff tripped on a floor runner that was rolled up/not flush with the floor, thereby causing him to fall and sustain various severe and permanent bodily injuries and losses as more fully set forth below.

11. The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, United States Postal Service, by and through its agents, servants, workmen, employees and/or other representatives acting within the course and scope of the employment, agency and/or service for the same, generally and in the following particular respects:

    (a) carelessly and negligently allowing the aforesaid premises to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff, more specifically failing to timely repair or remove the floor runner that posed a tripping hazard;

    (b) carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

    (c) carelessly and negligently failing to recognize the floor runner that existed in a dangerous condition on Defendant's aforesaid premises, which caused Plaintiff's fall, and to timely remedy same;

    (d) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the Defendant's premises;

    (e) failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

    (f) failing to adequately and timely repair defects to the aforesaid premises;

    (g) failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

    (h) failing to warn people lawfully upon the Defendant's premises, such as the Plaintiff, of the aforesaid dangerous condition; and

    (i) otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to travel.

12. Plaintiff, Lou Broder, in no manner contributed to his own injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

13. As a result of the aforesaid negligence of the Defendant, Plaintiff, Lou Broder, suffered severe injuries, including, but not limited to, right shoulder ligament tears, as well as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

14. As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

15. As a further result of the aforesaid accident, Plaintiff, Lou Broder, has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

16. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

17. As a further result of the aforesaid negligence of the Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

18. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

19. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Lou Broder, demands judgment against Defendant, United States Postal Service, in an amount not in excess of One-Hundred-Fifty Thousand Dollars ($150,000.00).

## COUNT II
## PAULA BRODER v. UNITED STATES POSTAL SERVICE
## LOSS OF CONSORTIUM

20. Plaintiff hereby incorporates by reference paragraphs one (1) through nineteen (19) of the within Complaint as though the same were fully set forth at length herein.

21. As a further result of the incident described herein, Plaintiff, Paula Broder, has suffered the loss of earnings, society, consortium and services of her husband, Plaintiff Lou Broder, to which she is legally entitled

22. As a further result of the incident described herein, Plaintiff, Paula Broder, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which her husband has suffered by reason of the Defendant's negligence, and she may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Paula Broder, demands judgment against Defendant, United States Postal Service, in amount not in excess of One-Hundred-Fifty Thousand Dollars ($150,000.00).

          Respectfully,

          **SWARTZ CULLETON PC**

By:    /s/ Brandon A. Swartz
        Brandon A. Swartz, Esquire
        Matthew E. Gallagher, Esquire
        547 E. Washington Avenue
        Newtown, PA 18940
        T: (215) 550-6553
        F: (215) 550-6557
        *Attorneys for Plaintiffs*,
        Lou Broder and Paula Broder, h/w

Date: April 8, 2020

## VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

X_____

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LOU BRODER AND PAULA BRODER, H/W

**DEFENDANTS**
UNITED STATES POSTAL SERVICE

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BRANDON A. SWARTZ, ESQ. / SWARTZ CULLETON PC
547 E. WASHINGTON AVENUE, NEWTOWN PA 18917

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | |
| | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
39 U.S.C. § 409

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 04/08/2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ Brandon A. Swartz

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___77 Banbury Court, Holland, Pennsylvania 18966_____

Address of Defendant: ___475 L'Enfant Plaza SW, Washington, DC 20260_____

Place of Accident, Incident or Transaction: ___1050 Street Road, Southampton, Pennsylvania 18966_____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [x]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [x]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [x]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [x]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __4/8/2020_____  ____/s/ Brandon A. Swartz_____  _____78344_____
                                                *Attorney-at-Law / Pro Se Plaintiff*                     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  *Federal Question Cases:***
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [x] All other Federal Question Cases
     *(Please specify):* __39 U.S.C. § 409_____

**B.  *Diversity Jurisdiction Cases:***
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: _____  _____*Sign here if applicable*_____  _____
                                                *Attorney-at-Law / Pro Se Plaintiff*                     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| LOU BRODER AND PAULA BRODER H/W | : | CIVIL ACTION |
| v. | : : | |
| UNITED STATES POSTAL SERVICE | : : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| | | |
|---|---|---|
| 4/8/2020 | Brandon A. Swartz, Esq. | Lou Broder and Paula Broder, h/w |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-550-6553 | 215-550-6557 | bswartz@swartzculleton.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| | |
|---|---|
| LOU BRODER AND PAULA BROADER, H/W <br><br> *Plaintiff(s)* <br><br> v. <br><br> UNITED STATES POSTAL SERVICE <br><br> *Defendant(s)* | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* UNITED STATES POSTAL SERVICE
475 L'ENFANT PLAZA SW, WASHINGTON, DC 20260

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____      _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: